IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC V. SHELBY,

        Petitioner,

v.

JEAN HILL,

        Respondent.

Civil No. 04-337-AS

FINDINGS AND RECOMMENDATION

    ANTHONY D. BORNSTEIN
    Assistant Federal Public Defender
    101 S.W. Main Street
    Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    HARDY MYERS
    Attorney General
    LESTER HUNTSINGER
    Senior Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, OR  97204

        Attorneys for Respondent

ASHMANSKAS, Magistrate Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, I recommend that the Petition for Writ of Habeas Corpus be DENIED, and that this action be DISMISSED.

## BACKGROUND

On March 5, 1985, Petitioner was convicted in Multnomah County on two counts of Rape in the First Degree, and one count each of Kidnaping in the First Degree, Burglary in the First Degree, and Assault in the Second Degree. The trial judge sentenced Petitioner to an indeterminate 10 years of imprisonment on the Assault charge, and 20 years of imprisonment on the other charges, with the sentences concurrent to each other but consecutive to other sentences being served.[1] In 1991, Petitioner received a consecutive 18-month determinate sentence for Assault in the Third Degree. In 1998, Petitioner received a consecutive 15-month determinate sentence for supplying contraband.

The Oregon Board of Parole and Post-Prison Supervision (the "Board") established the prison term on the 1985 sentences at 192 months, and set an early parole release date of July 13, 2001. The Board then scheduled an exit interview in January 2001, and,

---

[1] The other sentences and the Assault sentence have since expired.

2 - FINDINGS AND RECOMMENDATION -

pursuant to Or. Rev. Stat. § 144.223, ordered Petitioner to undergo a psychological evaluation.

On December 20, 2000, Petitioner was evaluated by a psychologist, Dr. Shellman. Petitioner cooperated with the oral interview with Dr. Shellman, but refused to take the written portion of the evaluation, which included psychological tests.

In February 2001, the Board conducted a telephonic hearing with Petitioner. Petitioner stated he was now willing to fully participate in the in the psychological evaluation, including the written portion. The Board continued the hearing to May 2001, so that the testing could be accomplished.

At the time of the February 2001, hearing, Petitioner was housed at the Twin Rivers Correctional Institution ("TRCI"). Because Dr. Shellman was based in Salem, on February 27, 2001, Petitioner was transferred from TRCI to the Oregon State Correctional Institution ("OSCI") for the specific purpose of completing the psychological testing and finalizing the interview with Dr. Shellman. The testing was scheduled for March 1, 2001, and the interview was set for March 2, 2001.

Petitioner was not informed ahead of time of the date of testing. On March 1, 2001, Petitioner refused to complete the written testing because it conflicted with a visit he had scheduled with his girlfriend. Petitioner was informed that the sole reason for his transfer to OSCI was to accomplish the

3 - FINDINGS AND RECOMMENDATION -

required testing and additional interview, and that if he again refused to cooperate, his release date might be postponed. Petitioner declined to participate in the testing process. Petitioner states the "evaluation" was then arranged for the next day. The following morning, however, he was informed that because he refused to take the written tests he would not be given another opportunity.

As a consequence of Petitioner's refusal to participate in the psychological evaluation, on March 12, 2001, the Board cancelled the May 2001, exit interview, and deferred Petitioner's parole release date to January 20, 2005. Petitioner was given the option to petition the Board and consent to an examination at an earlier time, but in no event sooner than two years from the March 12, 2001 order.

On February 11, 2002, Petitioner filed a petition for state habeas corpus relief in Marion County Circuit Court. Petitioner challenged the denial of his release on several bases, including a claim that the Board applied an administrative rule not in force at the time of his crimes in violation of his rights under the *Ex Post Facto* Clause. The state filed a motion to dismiss, which the trial court granted for the reasons set forth in the motion. Petitioner appealed the dismissal, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied

review.  Shelby v. Czerniak, 189 Or. App. 335, 75 P.3d 922 (2003), rev. denied, 336 Or. 406, 84 P.3d 1082 (2004).

Petitioner filed this action on March 8, 2004.  In his Petition, he alleged five grounds for relief.  In his Amended Memorandum of Law in Support, however, he addresses only one claim for relief, that the Board committed an *ex post facto* violation by deferring release under an administrative rule not in effect at the time Petitioner committed his crimes.  This is the sole remaining issue before the court.[2]

## LEGAL STANDARDS

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

---

[2] Because Respondent's arguments are meritorious on the remaining claims, Petitioner is not entitled to relief on Grounds One, Two, Three, and Five.  See 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.")

5 - FINDINGS AND RECOMMENDATION -

the State court proceeding." 28 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 123 S. Ct. 1166, 1172-75 (2003).

A state court acts "contrary to ... clearly established Federal law" if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts. <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000); <u>Ramdass v. Angelone</u>, 530 U.S. 156, 165-66 (2000). An "unreasonable application of clearly established Federal law" occurs if a state court identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case or unreasonably refuses to extend the governing legal principle. <u>Williams</u>, 529 U.S. at 412; <u>Ramdass</u>, 530 U.S. at 166.

Where the state court does not issue an opinion or otherwise supply the reasoning for a decision, federal habeas review is not *de novo*. <u>Delgado v. Lewis</u>, 223 F.3d 976, 982 (9th Cir. 2000). Rather, this court considers whether the state decision was "objectively reasonable" after conducting an independent review of the record. <u>Id</u>.

## DISCUSSION

The Constitution prohibits states from passing any "*ex post facto* Law." U.S. Const., Art. I, § 10. A law is an *ex post facto* law if it meets two conditions. First, "it must apply to events occurring before its enactment." Weaver v. Graham, 450 U.S. 24, 29 (1981). "In other words, it must be retrospective." Hunter v. Ayers, 336 F.3d 1007, 1011 (9th Cir. 2003). Second, it must disadvantage the person affected by either altering the definition of criminal conduct or increasing the punishment for the crime. Id. (citations omitted). Retroactive changes in laws governing the availability of parole to prisoners, in some instances, may violate the *ex post facto* prohibition. Garner v. Jones, 529 U.S. 244, 250 (2000).

At the time Petitioner committed his crimes, Or. Rev. Stat. § 144.223 provided:

> The State Board of Parole and Post-Prison Supervision may require any prisoner being considered for parole to be examined by a psychiatrist or psychologist before being release on parole.

This statute was construed by the Oregon Court of Appeals to permit the Board to deny parole if an inmate refused to participate in the examination. See Turner v. Thompson, 157 Or.

7 - FINDINGS AND RECOMMENDATION -

App. 182, 183 (1998) (*per curiam*), rev'd on other grounds 330 Or. 361 (2000); Gholston v. Palmateer, 183 Or. App. 7 (2002).[3]

In 1998, the Board adopted Or. Admin. R. 255-50-013(1), which specifically addresses the Board's authority to defer parole when faced with a refusal to participate in a psychological evaluation:

> (1) . . . , [T]he Board may administratively rescind a parole release date for serious misconduct, when a prisoner has refused to participate in a psychiatric or psychological evaluation, which was ordered by the Board pursuant to ORS 144.125(3), prior to the prisoner' release on parole.

Petitioner argues the Board had no explicit statutory authority to rescind a parole release date until Or. Admin. R. 255-50-013(1) was adopted, and because it was not adopted until after the date he committed his crimes, the Board committed an *ex post facto* violation by applying the rule to him in 2001. Petitioner's argument is without merit.

In the March 12, 2001, order rescinding Petitioner's early parole release, the Board stated:

> Pursuant to ORS 144,223(1) the Board of Parole and Post-Prison Supervision may require any prisoner being considered for parole to be examined by a psychiatrist or psychologist before being release on parole. The Board ordered an examination of the inmate and the inmate refused the [sic] to be examined.

---

[3] This Court defers to the state courts' construction of its penal statute unless the interpretation is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation. Aponte v. Gomez, 993 F.2d 705, 707 (9th Cir. 1998).

8 - FINDINGS AND RECOMMENDATION -

In an Administrative Review Response, the Board reiterated the reason release was denied, and cited <u>Turner</u> in support of the decision. Because it is apparent the Board had the authority to deny early release under the statute in effect at the time Petitioner committed his crimes, and because the Board explicitly applied that statute rather than the subsequent administrative rule, Petitioner is not entitled to relief on the *ex post facto* claim alleged in Ground Three of the Petition. The Oregon court decisions denying state habeas relief are not contrary to or an unreasonable application of clearly established federal law, and are entitled to deference in this court.

## **RECOMMENDATION**

Based on the foregoing, I recommend that the Petition for Writ of Habeas Corpus be DENIED, and this action DISMISSED.

## **SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due June 3, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due

fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement that date.

DATED this 13th day of May, 2005.

                            /s/Donald C. Ashmanskas
                              Donald C. Ashmanskas
                              United States Magistrate Judge